IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAULA D. GREEN                                                                    PLAINTIFF

v.                                                             CAUSE NO. 1:13CV344-LG-JMR

HUMANA INSURANCE COMPANY                                          DEFENDANT

### ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion [6] to Dismiss for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendant Humana Insurance Company. The *pro se* plaintiff has filed a response,[1] and Humana replied. After due consideration of the submissions and the relevant law, the Court finds that it does not have subject matter jurisdiction of this lawsuit. Accordingly, it will be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

PROCEDURAL HISTORY

Plaintiff Green alleges in her Complaint that Humana denied her a generic medication to treat Barretts Esophagus from June 2010 to October 14, 2011. As a result, she was bedridden. Green alleges that the generic medication was covered by Medicare, and so Humana wrongfully denied it, and/or charged her the brand name rather than the generic price. She states that her "pleading and appeal from January of 2011 were denied and this record has been purged from their system." (Compl. 1, ECF No. 1-2). Green alleges Humana retaliated against her for pursuing the appeal.

---

[1] Green's response was not timely filed, but in view of her *pro se* status, the Court will consider her submission.

She filed suit seeking $2.5 million in damages in Pearl River County Circuit Court.

Humana removed the case to this Court, and now seeks dismissal on the grounds that: (1) Green failed to exhaust her administrative remedies as required by 42 U.S.C. § 405(h) of the Medicare Act prior to filing suit; (2) Green's claims arise under the Medicare Act and must therefore be brought against the Secretary of the Department of Health and Human Services ("HHS") in federal court pursuant to 42 U.S.C. § 405(g) and (h); and (3) Green's claims are preempted by federal law.

### FACTUAL BACKGROUND

The Secretary of the Department of Health and Human Services is the federal officer responsible for the Medicare program. But for most purposes, the Secretary has delegated authority over the Medicare program to a subunit of HHS, the Centers for Medicare and Medicaid Services ("CMS"). The Secretary (through CMS) regulates the Medicare Part C program in great detail through regulations, the Medicare manuals and other sub-regulatory guidance. To provide for the administration of the Medicare program, CMS frequently acts through contractors. Those contractors are known as Medicare Advantage Organizations ("MAOs"). Humana is an MAO. From November 1, 2009 until December 31, 2011, Green was enrolled in a Medicare Plan that was offered by Humana.

### THE LEGAL STANDARD

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction.  *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

## DISCUSSION

Humana argues that Green's claims must be dismissed for lack of subject matter jurisdiction because the Medicare Act bars judicial review of claims that "arise under" the Act until the Medicare administrative appeals process has been exhausted.  Title 42 U.S.C. § 405(g), "with its exhaustion prerequisite provides the only jurisdictional basis for seeking judicial review of claims for benefits."  *Heckler v. Ringer*, 466 U.S. 602, 612 (1984).  "A claim arises under the Medicare Act if both the standing and the substantive basis for the presentation of the claim is the Medicare Act, or if the claim is 'inextricably intertwined' with a claim for Medicare benefits."  *RenCare, Ltd. v. Humana Health Plan of Tex., Inc.*, 395 F.3d 555, 557 (5th Cir. 2004) (citations omitted).  Green's claims arise under the Medicare Act, as they all are based on, or inextricably intertwined with, her claim for Medicare benefits.

Humana submits evidence, in the form of an affidavit by one of its Grievance and Appeal Managers, that Green was enrolled in the Medicare PPO Plan offered by Humana from November 1, 2009 to December 31, 2011, but there was "no instance

wherein Ms. Green exhausted the five levels of the appeals process as set forth in the E[vidence] O[f] C[overage] issued to Ms. Green for any medical claim." (Mot. to Dismiss Ex. B, ECF No. 6-2).

Green's response is that the medication issue "did not require an appeal." (Pl. Resp. 1, ECF No. 12). She does attach a letter from Humana dated August 14, 2012, in which Humana states it is investigating her complaints regarding its efforts to educate her about the grievance process. (Pl. Resp. Ex. A, ECF No. 12-1). The letter is dated after Green initiated this litigation in Pearl River County Court, does not appear to concern her medication, and in any event, is not a final decision. Thus, there is no evidence in the record that Green exhausted administrative remedies in regard to the claims in this lawsuit. Her claims must be dismissed because the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [6] to Dismiss for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), filed by defendant Humana Insurance Company, is **GRANTED**. Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 14th day of November, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
